Filed 7/16/15  P. v. Owens CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E062926 |
| v. | (Super.Ct.No. RIF1400916) |
| JERRY MACK OWENS, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, and Jerry Mack Owens, Jr., in pro. per. for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a plea to the court, defendant and appellant Jerry Mack Owens, Jr., pled guilty to felony unauthorized possession of methamphetamine while in jail (Pen.

1

Code, § 4573.8; count 1)[1] and misdemeanor refusal to leave a business establishment after requested to do so (§ 602.1; count 2). Defendant also admitted that he had sustained one prior strike conviction, to wit, first degree burglary (§§ 667, 1170.12, subd. (c)(2)(a)) and five prior prison terms (§ 667.5, subd. (b)). In return, defendant was sentenced to a total term of 32 months in state prison with credit for time served.

Defendant subsequently filed a petition to reduce count 1 to a misdemeanor pursuant to section 1170.18. The trial court denied the petition. Defendant appeals from the order denying his petition to reduce count 1 to a misdemeanor. We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND

On February 21, 2014, defendant was arrested for intimidating or obstructing Molino's Coffee Shop in attempting to carry on its business and then refusing to leave the coffee shop after being requested to do so by the shop's owner, the owner's agent, and by a peace officer acting at the owner's request. Defendant was subsequently transported to jail. While in jail, officers found methamphetamine in defendant's possession.

On February 25, 2014, a felony complaint was filed charging defendant with possession of methamphetamine while in jail, a felony (§ 4573.6; count 1) and refusal to leave a business establishment after being requested to do so, a misdemeanor (§ 602.1; count 2). The complaint also alleged that defendant had sustained five prior prison terms

[1] All future statutory references are to the Penal Code unless otherwise stated.

(§ 667.5, subd. (b)) and two prior serious or violent felony strike convictions, to wit, first degree burglary and battery inflicting serious bodily injury (§§ 667, subd. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(a)).

On May 13, 2014, the People amended count 1 to a violation of section 4573.8, felony unauthorized possession of drugs while in jail. Defendant thereafter pled guilty to amended count 1 and count 2. He also admitted that he had suffered one prior strike conviction for first degree burglary and five prior prison terms.[2] After directly examining defendant, the trial court found that the pleas and admissions were entered into freely and voluntarily; that defendant knowingly and intelligently waived his rights; that defendant understood the charges and consequences; and that there was a factual basis for the pleas. Defendant was thereafter immediately sentenced to a total term of two years eight months in state prison as follows: the low term of two years eight months on count 1; and a concurrent term of 180 days on count 2. The court imposed a term of one year on each of the five prior prison terms but stayed those terms. The court also awarded defendant 164 days for time served.

On November 4, 2014, voters approved Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies certain drug- and theft-related offenses that previously were felonies or

---

[2] The People asserted that the second purported strike offense alleged in the complaint was not a strike, and the court noted that "it's a one strike eligible offense."

"wobblers" as misdemeanors unless they were committed by ineligible defendants. (§ 1170.18, subd. (a).)

On November 25, 2014, defendant filed a petition to reduce his felony unauthorized possession of drugs while in jail conviction to a misdemeanor pursuant to section 1170.18.

On January 12, 2015, the trial court considered and denied defendant's petition, finding a violation of section "4573.8 is not a qualifying felony." Defendant filed a timely notice of appeal from that order on February 17, 2015.

II

DISCUSSION

After defendant appealed, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. In his two-page brief, defendant asserts that he was unaware he had methamphetamine in his possession when he entered the jail; that he did not smuggle anything into the jail; and that he falls within the spirit of Proposition 47.

As previously noted, Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by ineligible defendants. These

4

offenses were previously designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). "Proposition 47: (1) added chapter 33 to the Government Code (section 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)

Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person "currently serving" a felony sentence for an offense that is now a misdemeanor under Proposition 47 may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47. (§ 1170.18, subd. (a).) A person who satisfies the criteria in section 1170.18 shall have his or her sentence recalled and be "resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) Subdivision (c) of section 1170.18 defines the term " 'unreasonable risk of danger to public safety,' " and subdivision (b) of the statute lists factors the court must consider in determining "whether a new sentence would result in an unreasonable risk of danger to public safety." (§ 1170.18, subds. (b), (c).)

The Legislature did not amend section 4573.8—felony unauthorized possession of drugs while in jail. Moreover, a violation of section 4573.8 is not a wobbler offense. Accordingly, the trial court correctly found section 4573.8 is not a qualifying offense.

5

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's petition to reduce his felony conviction (§ 4573.8) to a misdemeanor and for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.